JENNIE BEACH GASPER, as Cotrustee with JAMES ALBERT WALES, under the Trust Deed of FREDERICK C. BEACH, Respondent, *v.* JAMES ALBERT WALES, as Cotrustee with JENNIE BEACH GASPER, under the Trust Deed of FREDERICK C. BEACH, Appellant, Impleaded with STANLEY Y. BEACH, Respondent.

First Department, February 4, 1927.

**Trusts — action for instructions as to payment of income — motions to compel payment to beneficiary of all income accrued and all income to accrue pendente lite — relief sought is one of issues to be determined at trial — error to grant motions — applications not within Civil Practice Act, § 226.**

In an action to procure instructions from the court as to the payment of income under a trust, motions, which have previously been denied by another justice, to compel the payment of income accrued and to accrue *pendente lite*, should have been denied by the trial court, since that is one of the issues to be determined at the trial, and the applicants have not shown a clear right to the ultimate relief sought.

There is no analogy in the applications to the practice pursuant to section 226 of the Civil Practice Act.

APPEAL by the defendant, James Albert Wales, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of November, 1926, directing the plaintiff and the defendant James Albert Wales to pay to the defendant Stanley Y. Beach all income that has accrued and is unpaid, and all income to accrue *pendente lite* under the trust deed of Frederick C. Beach, and consolidating motions made by the plaintiff and by the defendant Stanley Y. Beach, and also from an order entered in said clerk's office on the 16th day of October, 1926, appointing a referee to investigate whether the defendant Stanley Y. Beach is capable of caring for the funds herein.

*Daniel S. Murphy* of counsel [*Greene & Hurd*, attorneys], for the defendant, appellant.

*Harold Remington* of counsel [*Remington & Meek*, attorneys], for the plaintiff, respondent.

*Colley W. Bell,* for the defendant, respondent.

PER CURIAM. As we view the applications which resulted in the orders appealed from, they ask for substantially the same relief heretofore denied by another justice on a previous motion upon the ground that a granting of the motion for such temporary relief would involve a determination in advance of the issues in

the action. The order on the previous motion was unanimously affirmed by this court (217 App. Div. 735). Except for lapse of time and additional indebtedness incurred as a result thereof, no change in circumstances is presented. In these circumstances the orders should not have been made. We can find no analogy in these applications to the practice pursuant to the provisions of section 226 of the Civil Practice Act. The right of the plaintiff and the *cestui que trust* to the relief sought is one of the issues to be determined on the trial, as those issues now stand. Moreover, these parties have not as yet shown a clear right to the ultimate relief sought in the action. There seems to be no reason why a speedy trial should not be had. The action was begun January 5, 1926, and no reason is disclosed why it has not been brought to trial. In fact the record discloses that it was reached on the reserve calendar on October 26, 1926. Had it not been for these motions and the request of the plaintiff's attorneys for an adjournment of the trial the issues would now have been fully litigated.

In these circumstances the orders should be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs.

Present — DOWLING, P. J., FINCH, MCAVOY, MARTIN and O'MALLEY, JJ.

Orders reversed, with ten dollars costs and disbursements, and motions denied, with ten dollars costs.